**ALD-097**                                                   **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 26-1325

_____

IN RE: COURTNEY MILLER,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:25-cv-01454)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 12, 2026
Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: March 26, 2026)

_____

OPINION*

_____

PER CURIAM

Courtney Miller has filed a pro se petition for a writ of mandamus asking us to

intervene in her civil action filed in the District Court.  We will deny the petition.

Miller filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District

Court for the Middle District of Pennsylvania against her former spouse Eric Miller,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Luzerne County, Luzerne County Children and Youth Services, the District Attorney's office, and Eric Miller's attorney. Miller also motioned for a temporary restraining order ("TRO") asking the District Court to intervene in ongoing state court proceedings relating to custody and spousal support. A few months later, Miller moved for recusal of District Court Judge Joseph F. Saporito, Jr., and sought reassignment of her case to a different district judge. In her motion, Miller alleged that Judge Saporito was conflicted because the District Attorney's office, a named party in the complaint, had endorsed him to the Senate Judiciary Committee and because Judge Saporito's deep local ties suggested that he could not be impartial to County Officials in this matter. Judge Saporito denied the motion.

On February 9, 2026, Miller filed a third amended complaint against Luzerne County, Eric Miller, and unnamed Luzerne County Officials. Miller alleged that County officials failed to investigate allegations of domestic violence and child abuse, improperly terminated her receipt of spousal support, denied Miller the opportunity to be heard regarding her allegations of abuse and digital intrusion into her internet activity, retaliated against her for filing Right-to-Know information requests, and were deliberately indifferent to the ongoing danger of her future harm at the hand of her former spouse. Along with her third amended complaint, Miller filed an emergency motion for a TRO asking the District Court to enjoin Luzerne County Officials from further retaliation, mandate that all evidence related to Miller and her child be preserved by state agencies,

require the Luzerne County District Attorney's office provide relevant records, including those from Child Protective Services, enjoin Luzerne County Officials from classifying mandated child-abuse reports as "civil matters", prohibit County Officials from impeding Miller's access to investigative information, enjoin County Officials from ignoring evidence of digital surveillance, and waive the security requirement under Federal Rule of Civil Procedure 65(c) due to her pro se status.

On February 13, 2026, Miller filed a petition for a writ of mandamus in our Court, asking that we order the District Court to rule on her emergency TRO motion and reassign the case to a different district judge. Four days later, Chief Magistrate Judge Daryl F. Bloom in the District Court issued a Report and Recommendation recommending that Miller's emergency motion for a TRO be denied and that her third amended complaint be dismissed. The District Court subsequently adopted the Chief Magistrate's Report and Recommendation as its opinion, denied Miller's motion for a TRO and other related motions, and dismissed her third amended complaint.

A writ of mandamus is a drastic remedy that is available only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378-79 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* at 378 (quoting *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000)). While district courts have discretion over docket management, *see In re Fine Paper Antitrust*

3

*Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction[.]" *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

To the extent Miller asks us to order the District Court to rule on her emergency TRO motion, the District Court has since denied her motion, and that request is therefore moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Mandamus may also be used to review a judge's refusal to recuse pursuant to 28 U.S.C. § 455(a). *See Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). Recusal under § 455(a) is required where "a reasonable person, knowing all the acknowledged circumstances, might question the district court judge's continued impartiality." *Id.* at 164. We see no evidence of bias or any other reason why Judge Saporito should recuse himself from this case. *See* 28 U.S.C. § 455.

Accordingly, we will deny the mandamus petition.

4